**VALI CONVALESCENT & CARE INSTITUTION, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Defendant.**

No. 16709.

Supreme Court of Utah.

Nov. 13, 1980.

Glen M. Richman, Dennis L. Wright, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Floyd G. Astin, Winston M. Faux, Sp. Asst. Attys. Gen., Salt Lake City, for defendant.

STEWART, Justice:

Plaintiff appeals the decision of the Board of Review of the Industrial Commission of Utah which imposed a penalty against plaintiff and increased its unemployment compensation contribution rate. Plaintiff contends that it was deprived of due process in two respects: (1) its contribution rate was increased prior to a proper hearing, and (2) the hearing was presided over by an employee of defendant, a circumstance which, according to plaintiff, deprived it of the impartiality required by due process. Plaintiff contends that § 35–4–10 [1]

---

3. Anno. 42 A.L.R.3d 691.

4. *State ex rel Turner v. Earl*, Florida, 295 So.2d 609 (1974).

1. All statutory references are to Utah Code Ann. (1953), as amended.

of the Employment Security Act is unconstitutional for the same reasons.

Plaintiff failed to submit an employer's quarterly contribution report for the fourth quarter by January 31, 1979, the final due date. The Employment Security Act allows waiver of a penalty for late filing upon a showing of a reasonable cause and no willful neglect. Section 35–4–17(a)(1), (2). Plaintiff filed the fourth quarter report on March 23, 1979, asking for a waiver of penalties and interest because it had not been supplied with the proper forms. The late report was submitted after the cutoff date of February 15 which renders an employer ineligible for a reduced merit rate for one year.

In April 1979 plaintiff was notified of the imposition of the increased rate and of the denial of its request for waiver of penalty and interest. Defendant found that plaintiff had not demonstrated that its failure to file its fourth quarter return before January 31 was due to reasonable cause and not to willful neglect, and that therefore the penalty prescribed for such failure by § 35–4–17(a)(2) could not be waived. Furthermore, plaintiff was found to be ineligible for an experience rate of less than 3% of wages for the calendar year of 1979. Section 35–4–7(c)(1)(C).

Plaintiff appealed the imposition of the penalty to the appeal referee and from the referee's adverse ruling to the Board of Review, as provided in § 35–4–10. The Board of Review affirmed the referee's position that the consequences of filing beyond the prescribed cutoff date resulted in an automatic increase in the rate whether or not good cause is shown for failing to comply.

Subsequent to the Board of Review's determination of plaintiff's claim, it changed its position. It now, as stated in its brief on appeal, has adopted the position that an extension of time for filing reports beyond the cutoff date upon a showing of good cause will dispense with the imposition of a penalty. Specifically, the Board states in its brief that "the defendant stands ready to reopen the matter for further hearing to allow plaintiff to present whatever further evidence or argument that it may deem fit and desirable in light of defendant's said change of position."

In light of this concession, we decline to pass on the constitutional issues presented by plaintiff on this appeal. It is not the policy of this Court to address weighty constitutional issues unless it is necessary to do so. The availability of further administrative process therefore renders the issues raised in this review proceeding unripe for review by this Court. The constitutional issues raised here may well be mooted by further administrative hearings.

The matter is remanded to the Board of Review of the Industrial Commission for further proceedings in accord with this opinion.

No costs awarded.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.